UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JIMMIE WHITE, II

    Petitioner,                        Civil No. 2:15-CV-12349
                                       HONORABLE DENISE PAGE HOOD
v.                                        UNITED STATES DISTRICT JUDGE

J.A. TERRIS,

    Respondent,
_____/

**OPINION AND ORDER SUMMARILY DENYING THE EMERGENCY PETITION FOR WRIT OF HABEAS CORPUS BROUGHT PURSUANT TO 28 U.S.C. § 2241**

Jimmie White, II, ("Petitioner"), presently confined at the Federal Correctional Institution in Milan, Michigan, has filed an emergency petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In his *pro se* application, petitioner challenges his pending federal prosecution in the United States District Court for the Eastern District of Michigan for conspiracy to distribute n-benzylpiperazine and 3, 4 methylenedioxy-n-methylmphetamine (ecstasy or MDMA), possession of n-benzylpiperazine and ecstasy with intent to distribute, possession of a firearm in furtherance of a drug trafficking crime, and felon in possession of a firearm. For the reasons stated below, the petition for writ of habeas corpus is **SUMMARILY DENIED WITH PREJUDICE**.

1

## I. Background

Petitioner was convicted of the above charges by a jury on June 18, 2015 before Judge David M. Lawson in the United States District Court for the Eastern District of Michigan. Sentencing is scheduled for September 24, 2015. *See United States v. White,* U.S.D.C. No. 2:13-CR-20423 (E.D. Mich.)(Lawson, J.). [1] Petitioner has already filed a notice of appeal with the Sixth Circuit. *Id.,* Dkt. # 192.

Petitioner has now filed a petition for writ of habeas corpus. Petitioner claims that (1) the federal district court lacked subject matter jurisdiction over his case, (2) the search warrant was invalid in this case, (3) the federal government violated petitioner's right to a speedy trial, (4) there was insufficient evidence to convict petitioner of possession of a firearm in furtherance of a drug trafficking crime, and (5) petitioner should not have been convicted of felon in possession of a firearm because his civil rights had been restored by the State of Michigan.

## II. Discussion

A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed. *See Perez v. Hemingway,* 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001). Federal courts are also authorized to dismiss any habeas petition that appears legally insufficient on

---

[1] This Court obtained this information from the records of the United States District Court for the Eastern District of Michigan, which this Court is permitted to take judicial notice of. *See United States v. Rigdon,* 459 F. 2d 379, 380 (6th Cir. 1972).

its face. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition or the exhibits that are attached to it that the petitioner is not entitled to federal habeas relief. *See Carson v. Burke,* 178 F. 3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254. The Sixth Circuit, in fact, long ago indicated that they "disapprove the practice of issuing a show cause order [to the respondent] until after the District Court first has made a careful examination of the petition." *Allen v. Perini,* 424 F. 3d 134, 140 (6th Cir. 1970). A district court therefore has the duty to screen out any habeas corpus petition which lacks merit on its face. *Id.* at 141. No return to a habeas petition is necessary when the petition is frivolous, or obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a return by the state. *Id.* Courts have used Rule 4 of the habeas corpus rules to summarily dismiss facially insufficient habeas petitions brought under § 2241. *See e.g. Perez,* 157 F. Supp. 2d at 796(additional citations omitted). Because the instant petition is facially insufficient to grant habeas relief, the petition is subject to summary dismissal. *Id.*

     Petitioner has filed a habeas petition to challenge his pending federal prosecution before Judge Lawson. It is well established that a criminal defendant cannot file a petition for writ of habeas corpus to raise defenses to a pending federal criminal prosecution. *See Jones v. Perkins*, 245 U.S. 390, 391 (1918);

3

*Riggins v. United States*, 199 U.S. 547 (1905); *Horning v. Seifart*, 107 F. 3d 11 (Table), No. 1997 WL 58620, * 1 (6th Cir. February 11, 1997); *Ferguson v. Gilliam*, 946 F. 2d 894 (Table), No. 1991 WL 206516, * 1 (6th Cir. October 11, 1991). Petitioner's § 2241 habeas application is subject to being dismissed as prematurely filed because he has yet to be sentenced. *See Briggs v. Levi*, 275 F. App'x. 111, 112 (3rd Cir. 2008). Petitioner's habeas petition is also prematurely filed, because petitioner filed a notice of appeal with the Sixth Circuit. A district court should not entertain a habeas petition or a post-conviction motion to vacate sentence brought pursuant to 28 U.S.C. § 2255 while an appeal is pending in the court of appeals or with the Supreme Court. *See Capaldi v. Pontesso*, 135 F. 3d 1122, 1124 (6th Cir. 1998). Petitioner's claims would be dispositive of his pending federal criminal conviction and must be exhausted on appeal in the federal courts before habeas corpus relief would be available. *See Sandles v. Hemingway*, 22 F. App'x. 557 (6th Cir. 2001). Petitioner therefore cannot challenge his pending federal prosecution in his current habeas petition.

### III.  ORDER

Based upon the foregoing, the petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 is **DENIED.**  Because a certificate of appealability is not needed to appeal the denial of a habeas petition filed under § 2241, *Witham v. United States,* 355 F. 3d 501, 504 (6th Cir. 2004), petitioner need not apply for one with this Court or with the Sixth Circuit before filing an appeal from the denial

of his habeas petition.

        S/Denise Page Hood
        Denise Page Hood
        United States District Judge

Dated:  July 31, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 31, 2015, by electronic and/or ordinary mail.

        S/LaShawn R. Saulsberry
        Case Manager